**Dianne RINGWELKSKI, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO. INC., a foreign corporation, Defendant.**

**Civ. No. 84CV40710T.**

United States District Court, E.D. Michigan, S.D.

Sept. 6, 1985.

Peter J. Bender, Mount Clemens, Mich., for plaintiff.

Linda M. Galante, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

DeMASCIO, District Judge.

Plaintiff, formerly employed by defendant as a salesperson, filed this three-count complaint alleging wrongful discharge under Michigan law. This matter is presently before the court on defendant's motion for summary judgment.

The relevant facts are not in dispute. Plaintiff was hired in August 1965. At that time, she completed, read and signed a written application for employment. While defendant has been unable to locate a copy of that application, it is undisputed that, in 1965, defendant utilized only one employ-

ment application form that every new employee was required to sign. *See Application for Employment,* Exhibit A to Affidavit of Tinnettga Rockquemore. That form contains the following clause:

In consideration of my employment, I agree to conform to the rules and regulations of Sears, Roebuck and Co., and *my employment and compensation can be terminated, with or without cause, and with or without notice, at any time,* at the option of either the Company or myself. I understand that no store manager or representative of Sears, Roebuck and Co., other than the president or vice-president of the Company, has any authority to enter into any agreement for employment for any specific period of time, or to make any agreement contrary to the foregoing (emphasis added).

On January 10, 1983, plaintiff was working in the women's sportswear department of defendant's store located at the Oakland Mall. At approximately 7:50 p.m., plaintiff, while still on duty, proceeded to the women's shoe department of the store. She took a pair of shoes off a rack and returned with the shoes to her own department. Plaintiff then clipped the price tag off the shoes and placed them on her feet. When she finished working, plaintiff removed the shoes and placed them in a cabinet in a department stockroom.

Before leaving the store, plaintiff was approached by store security, who had been observing her actions. The following day, plaintiff's employment was terminated for violation of a company policy prohibiting unauthorized use of company merchandise. Due to her length of service, approval was obtained from defendant's regional office.

Plaintiff's wrongful discharge claim is premised on the Michigan Supreme Court's decision in *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 610, 292 N.W.2d 880 (1980), which held that "an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract."

That court also held, however, that "[e]mployers are most assuredly free to enter into employment contracts terminable at will without assigning cause." *Id. See also Ledl v. Quik Pik Stores,* 133 Mich. App. 583, 349 N.W.2d 529 (1984).

In support of her claim that she could not be terminated, absent just cause, plaintiff relies upon the following statement in an employee training guide under the caption "Employee Rules:"

Since you are new to Sears, it is important for you to know what personal conduct is expected of you while on the job. In most instances your own good judgment will tell you what is the right thing to do. However, you should know what specific rules must be followed since violation of these rules may result in termination of your employment.

*Getting Acquainted With Sears,* p. 22, Exhibit 11 to Defendant's Motion for Summary Judgment. Immediately following this paragraph is a specific list, which includes "unsatisfactory performance of your job" and "theft." Plaintiff contends that this section of the guide provided a legitimate expectation on her part that she would only be terminated if she committed one of the specifically listed acts.

Plaintiff cites *Schipani v. Ford Motor Co.,* 102 Mich.App. 606, 302 N.W.2d 307 (1981) in support of her argument that a jury question is presented as to whether the statement in the employee guide overcomes the clause in the employment application. We are unable to agree that a question for the jury is presented by defendant's policy statement. The statement does not give rise to any reasonable expectation of a "for cause" requirement.

This situation is distinguished from that present in *Schipani* in that defendant's policy statement does not conflict with the express provision in the application for employment, which provides that the employee "can be terminated, with or without cause, with or without notice, at any time." Nothing in the language in the employee guide indicates that the reasons listed were the exclusive grounds for termination,

merely that these may "result in termination." We fail to see how plaintiff could form any reasonable expectation of a "for cause" requirement. "[A] mere subjective expectancy on the part of an employee will not create such a legitimate claim." *Schwartz v. Michigan Sugar Co.*, 106 Mich.App. 471, 478, 308 N.W.2d 459 (1981).

Plaintiff further contends that she should not be bound by the clause in the application for employment as her service with defendant was broken by various leaves, and upon each of her subsequent returns, she was not required to sign a new application. We find this argument to be without merit. Upon her initial hire, plaintiff completed, read and signed an application, the terms of which remained applicable throughout the course of her employment with defendant.

Accordingly, defendant's motion for summary judgment must be granted and this cause will be dismissed.

IT IS SO ORDERED.